USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/6/17

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- X
:
NANETTE SANCHEZ, :
:
                          Plaintiff, :     1:16-cv-5084-GHW
:
                  -v - :     MEMORANDUM OPINION
:     AND ORDER
NEW YORK CITY HOUSING AUTHORITY, :
:
                       Defendant. :
:
------------------------------------------------------------- X

GREGORY H. WOODS, District Judge:

## I. BACKGROUND

In 2014, Plaintiff Nanette Sanchez filed a "remaining family member" ("RFM") grievance, claiming that she qualified to take over her deceased mother's lease of a New York City Housing Authority ("NYCHA") public housing apartment. Decl. of Nabiha Rahman in Supp. of Def.'s Mot. to Dismiss ("Rahman Decl.") (ECF No. 48), ¶¶ 11, 13. After her grievance was denied by the property manager and upheld on review by NYCHA's borough office, a hearing was scheduled on Plaintiff's RFM grievance for October 24, 2014 and then adjourned until November 21, 2014. *Id.* ¶¶ 13-15 & Ex. E. When Plaintiff failed to appear at the hearing either in person or through a representative, the hearing officer issued an order dismissing Plaintiff's RFM grievance. *Id.* ¶ 16 & Ex. E.

On January 14, 2015, Plaintiff applied to open her default and schedule a new hearing date, explaining that she had missed the November 21, 2014 hearing due to illness. *Id.* ¶ 17 & Ex. F. Although NYCHA opposed Plaintiff's application, *id.* ¶ 18 & Ex. F, the hearing officer granted Plaintiff's application on February 17, 2015, *id.* ¶ 19 & Ex. F. The hearing officer's decision was mailed to Plaintiff on the same day but, due to a miscommunication, the hearing was not re-

scheduled at that time. *Id.*

Plaintiff, proceeding *pro se*, initiated this action on June 28, 2016. In her complaint, she alleges that her right to due process was violated because NYCHA was "trying to evict her" without affording her a grievance hearing. Compl. (ECF No. 1) at pp. 2-4. She alleges, in particular, that she had informed the NYCHA attorney two days prior to her hearing that she had been scheduled for surgery on the day of the hearing and would therefore be unable to attend, but that the attorney failed to notify the hearing officer. Compl. at 2.

On the same date, Plaintiff filed a motion for a stay of eviction. ECF No. 10. In its opposition to that motion, NYCHA informed the Court that a new grievance hearing had been scheduled on Plaintiff's RFM claim which, in NYCHA's view, rendered Plaintiff's claim moot. ECF No. 15. On August 19, 2016, before the deadline for Plaintiff to file a reply, the Court entered an order stating that it would reserve decision on Plaintiff's motion until the anticipated grievance hearing was held, in light of significant concerns regarding the Court's authority to provide the injunctive relief sought by Plaintiff and NYCHA's agreement not evict Plaintiff prior to the hearing. ECF. No. 19.

After several delays, the grievance hearing on Plaintiff's RFM claim was held on February 28, 2017, and the hearing officer issued a determination on March 13, 2017, finding that Plaintiff is not a RFM as defined by NYCHA regulations. Rahman Decl. ¶¶ 20-21 & Ex. G. On April 14, 2017, the Court held a status conference, which both parties attended. During the conference, Plaintiff agreed that her hearing had taken place and that her RFM grievance had been denied. During the conference, the Court granted NYCHA leave to file a motion to dismiss. *See* ECF No. 41. The Court ordered that NYCHA file its motion no later than May 12, 2012; that Plaintiff file her opposition no later than June 2, 2017; and that NYCHA file its reply, if any, no later than one week following service of Plaintiff's opposition. *Id.* A written order memorializing that briefing schedule

2

was served on Plaintiff by mail. ECF No. 42.

NYCHA filed its motion to dismiss on May 10, 2017. ECF Nos. 47-50. In its motion, NYCHA argues that the Court lacks subject matter jurisdiction over this action because Plaintiff's claim is moot. NYCHA also argues, in the alternative, that Plaintiff's complaint fails to state a claim for violation of procedural due process. Plaintiff did not file an opposition.

## II. STANDARD OF REVIEW

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). The plaintiff bears the burden of proving by a preponderance of the evidence that subject matter jurisdiction exists. *See Makarova*, 201 F.3d at 113. "While the Court must accept as true all factual allegations in the complaint, the court may not draw any jurisdictional inferences in favor of the plaintiff." *Squicciarini v. United States*, No. 12-cv-2386 (ER), 2013 WL 620190, at *3 (S.D.N.Y. Feb. 15, 2013) (citations omitted). "Jurisdiction must be shown affirmatively, and that showing is not made by drawing from the pleadings inferences favorable to the party asserting it." *APWU v. Potter*, 343 F.3d 619, 623 (2d Cir. 2003) (brackets omitted) (quoting *Shipping Fin. Servs. Corp v. Drakos,* 140 F.3d 129, 131 (2d Cir. 1998)).

In resolving a motion to dismiss for lack of subject matter jurisdiction, the Court may consider evidence outside the pleadings and make findings of fact. *Makarova*, 201 F.3d at 113. When a defendant makes a "fact-based 12(b)(1) motion, proffering evidence beyond the [p]leading," the plaintiff must then "come forward with evidence of [her] own to controvert that presented by the defendant" if it "reveal[s] the existence of factual problems in the assertion of jurisdiction." *Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 57 (2d Cir. 2016).

## III. DISCUSSION

"Under Article III of the U.S. Constitution, [w]hen a case becomes moot, the federal courts

3

lack subject matter jurisdiction over the action." *Doyle v. Midland Credit Mgmt., Inc.*, 722 F.3d 78, 80 (2d Cir. 2013) (per curiam) (internal quotation marks and citation omitted). "Mootness is a doctrinal restriction stemming from the Article III requirement that federal courts decide only live cases or controversies . . . ." *In re Zarnel*, 619 F.3d 156, 162 (2d Cir. 2010). "A case becomes moot when interim relief or events have eradicated the effects of the defendant's act or omission, and there is no reasonable expectation that the alleged violation will recur." *Van Wie v. Pataki*, 267 F.3d 109, 113 (2d Cir. 2001).

The only injury alleged in Plaintiff's complaint is that NYCHA was seeking to evict her from her mother's apartment without affording her a new administrative grievance hearing on her RFM claim after she failed to appear for her originally scheduled hearing. NYCHA has now provided the Court with evidence that Plaintiff was ultimately afforded a pre-eviction grievance hearing, *see* Rahman Decl. ¶¶ 20-21 & Ex. G, and Plaintiff has failed to come forward with any contradictory evidence. Indeed, Plaintiff herself represented to the Court during the April 14, 2017 status conference that the hearing had taken place, and that the hearing officer had denied her RFM grievance. Furthermore, this is not the type of alleged violation that is capable of recurring. Quite simply, Plaintiff sought a hearing on her RFM grievance, and she received one. If she is unhappy with the outcome of that hearing, she may seek review in the appropriate state-court proceeding.

Accordingly, the Court concludes that, to the extent a failure to excuse Plaintiff's default and grant her a new hearing prior to eviction would have violated her right to due process—a question the Court need not decide here—the effect of that failure has been eradicated by the February 28, 2017 hearing, rendering Plaintiff's claim moot. Therefore, the Court lacks subject matter jurisdiction over this action, and NYCHA's motion to dismiss this action is granted.

## IV. CONCLUSION

For the reasons described above, NYCHA's motion to dismiss is GRANTED, and this

4

action is DISMISSED.

The Clerk of Court is directed to terminate all pending motions and close this case.

The Clerk of Court is further directed to mail a copy of this order to Plaintiff by certified mail.

SO ORDERED.

Dated: June 6, 2017
New York, New York

GREGORY H. WOODS
United States District Judge